# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52175/52176

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 18, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS CHARLES ZENER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Orders revoking probation, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

This case involves two consolidated appeals. In Docket No. 52175, Nicholas Charles Zener pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Zener to a unified term of four years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Zener on probation. In 2022, Zener admitted to violating the terms of probation, and the district court continued Zener on probation.

In 2023, in Docket No. 52176, Zener pled guilty to possession of major contraband in a correctional facility, I.C. § 18-2510(3)(c). In exchange for his guilty plea, an additional charge

1

was dismissed. The district court sentenced Zener to a unified term of five years, with a minimum period of confinement of two and one-half years, but the district court suspended the sentence and placed Zener on probation. In Docket No. 52175, Zener admitted to violating the terms of probation, and the district court continued Zener on probation. In February 2024, Zener admitted to violating the terms of probation in both cases and, in April 2024, the district court continued Zener on probation in both cases. In July 2024, Zener admitted to violating the terms of probation in both cases, and the district court consequently revoked probation and ordered execution of the original sentences in both cases. Zener filed an Idaho Criminal Rule 35 motion in both cases, which the district court denied. Zener appeals, contending that the district court abused its discretion in revoking probation and in denying his I.C.R. 35 motions for reduction of sentences in both cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon

2

the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation and order of execution issues which are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Zener's sentences.

Next, we review whether the district court erred in denying Zener's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records, including any new or additional information submitted with Zener's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the orders revoking probation and directing execution of Zener's previously suspended sentences and the orders denying I.C.R. 35 motions for reduction of sentences are affirmed.